IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**TROY D. MCRAE, JR.,**

    **Plaintiff,**

    v.                                Civil Action 2:21-cv-4752
                                         Judge Michael H. Watson
                                         Magistrate Judge Kimberly A. Jolson

**LT. LENDSEY, et al.,**

    **Defendants.**

## REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiff's Motion for Summary Judgment. (Doc. 31). For the following reasons, the Court **RECOMMENDS** that the Motion for Summary Judgment be **DENIED WITHOUT PREJUDICE** to renewal.

    **I.    BACKGROUND**

Plaintiff, proceeding *pro se*, alleges various constitutional violations while incarcerated at Ross Correctional Institute. (Docs. 1 and 5). In ruling on Defendants' Motion to Dismiss (Doc. 21), the Court recommended dismissal of all claims against Defendant Tedesco and recommended allowing Plaintiff's Eighth Amendment individual-capacity claims against Defendant Lendsey related to the incidents involving pepper spray and an injury to Plaintiff's finger to proceed. (Doc. 26). After the objection period had passed, during which no party objected (*see id.* at 17–18), the Court adopted the Report and Recommendation. (Doc. 30).

Plaintiff then filed a Motion for Summary Judgment. (Doc. 31). He argued that "summary judgment is requested because the Defendant has failed to object to the accusations that were brought against him by way of Complaint, [sic] within a reasonable time and cannot show this Honorable Court good and sufficient cause for it's failed to comply with the requirements of the

law." (*Id.*). The sole remaining defendant, Defendant Lendsey, responded in opposition, stating that Plaintiff did not show that there is no genuine issue of material fact in this case. (Doc. 32). Regarding Plaintiff's assertion that Defendant failed to provide a timely response, Defendant suggests his filing may be better construed as a motion for default judgment, in which case his responses thus far are timely. (*Id.*)

Plaintiff replied, asserting that Defendant's "fail[ure] to object to the accusations that were brought against them by way of Complaint" by October 14, 2022, are indicative of a failure to respond in a timely manner. (Doc. 33 at 1). He also says that filings were untimely as "counsel for Defendants tried to prejudice Plaintiff by waiting until the very last day to file his objections," again referencing a deadline of October 14, 2022. (*Id.* at 3). Plaintiff also argues that summary judgment is appropriate because "the Defendant never once denied any of the allegations that were brought against him" and "at no point has the Defendant asserted that the Plaintiff was being untruthful concerning this matter." (*Id.* at 5).

## II. STANDARD

Though Plaintiff submitted a Motion for Summary Judgment, both he and the Defendant include discussion of default judgment in their briefs. As such, the Court will consider standards for both summary judgment and default judgment.

Courts should render summary judgment "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The movant "bears the burden of proving the absence of genuine issues of material fact and its entitlement to judgment as a matter of law." *Longaberger Co. v. Kolt*, 586 F.3d 459, 465 (6th Cir. 2009) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986)).

Default judgment is appropriate when a defendant "has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Fed. R. Civ. P. 55(a). Rule 55 creates a two-step process for obtaining default judgment. See *Oliver v. Comm'r of Soc. Sec.*, No. 3:17-CV-104, 2017 WL 2531759 at *1 (S.D. Ohio June 12, 2017). Plaintiff must first request an entry of default from the Clerk of Court. *Ross v. Teleperformance USA, Inc.*, No. 3:13CV00038, 2014 WL 99413, at *1 (S.D. Ohio Jan. 9, 2014). Then, after receiving an entry of default, Plaintiff must move the court for default judgment. (*Id.*) When properly pled, default judgment is appropriate when the Plaintiff "establishes a claim or right to relief by evidence that satisfies the court." Fed. R. Civ. P. 55(d); see also *Sherrills v. Berryhill*, No. 1:17-CV-0030, 2017 WL 1399988, at *3 (N.D. Ohio Apr. 4, 2017), *report and recommendation adopted sub nom. Sherrills v. Comm'r of Soc. Sec., No. 1:17 CV 30, 2017 WL 1387173 (N.D. Ohio Apr. 18, 2017).

**III. DISCUSSION**

The Court finds that neither summary judgment nor default judgment are appropriate at this stage. As discovery is still in the very early stages, summary judgment is premature. (*See* Doc. 27 (setting the discovery deadline March 27, 2023)). The crux of Plaintiff's argument for summary judgment is that Defendant failed to timely object to the Court's Report and Recommendation on Defendant's Motion to Dismiss. (Doc. 33 at 3 ("on October 14, 2022 in which he states that Defendants had a set time to file objections, and that the set time had passed and no objections were made.")). Plaintiff, proceeding *pro se*, is seemingly confused about Defendant's obligations. At this early stage of the litigation, Defendant was only required to plead or otherwise move in regard to Plaintiff's Complaint. He did so. (*See* Docs. 21 and 29). Defendant was not obligated to object to the Court's Report and Recommendation. (*See* Doc. 26 at 17–18). And any such

3

objection would have been limited to the scope of that Report and Recommendation, rather than substantive elements as the Plaintiff suggests. (*See* Doc. 33).

Further, failure to object is not grounds for summary judgment or any other adverse judgment against Defendant. As such, the Court **RECOMMENDS** that Plaintiff's Motion for Summary Judgment be **denied without prejudice**. Plaintiff is permitted to file dispositive motions, including a motion for summary judgment, by the deadline set forth in the case schedule. (*See* Doc. 27 (setting the dispositive motions deadline for April 26, 2023)). So, Plaintiff may better understand the stages of litigation moving forward, the Clerk's Office is **DIRECTED** to mail Plaintiff a copy of the *pro se* handbook, *A Guide for Pro Se Civil Litigations: Representing Yourself in the United States District Court for the Southern District of Ohio*.

### Procedure on Objections

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A District Judge of this Court shall make a de novo determination of those portions of the Report or specific proposed findings or recommendations to which objection is made. Upon proper objection, a District Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence, or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation de novo, and also operates as a waiver of the right to appeal the decision of

the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

    IT IS SO ORDERED.


Date:  March 13, 2023                         /s/ Kimberly A. Jolson
                                                  KIMBERLY A. JOLSON
                                                  UNITED STATES MAGISTRATE JUDGE